UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE:

CARLOS BRITO,

    Plaintiff,

v.

SCHAEFER CLAIRE SURVIVOR'S TRUST,
SCHAEFER TAX EXCLUSION TRUST and
TOLER CREATIONS LLC d/b/a Paul's Liquor,

    Defendants.
_____/

## COMPLAINT

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, SCHAEFER CLAIRE SURVIVOR'S TRUST, SCHAEFER TAX EXCLUSION TRUST and TOLER CREATIONS LLC d/b/a Paul's Liquor (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, residing and domiciled in El Paso County, Colorado, and is otherwise *sui juris.*

5. At all times material, Defendants, SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST, together owned and operated a shopping plaza business located at 2806-2844 E. Pikes Peak Avenue, Colorado Springs, Colorado 80909 (hereinafter the "plaza property") in Colorado Springs, Colorado. The plaza property holds itself out to the public as "Parkhill Business Center."

6. At all times material, Defendant, TOLER CREATIONS LLC, was and is a Colorado Limited Liability Company, with a principal office street address listed as 2842 E. Pikes Peak Avenue, Colorado Springs, Colorado 80909.

7. At all times material, Defendant, TOLER CREATIONS LLC, owned and operated a liquor store business located at 2842 E. Pikes Peak Avenue, Colorado Springs, Colorado 80909, which is a unit located within Co-Defendants, SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST's plaza property (hereinafter the "liquor store business"). Defendant, TOLER CREATIONS LLC, holds itself out to the public as "Paul's Liquor."

8. Venue is properly located in the District of Colorado because Defendants' plaza property and liquor store business are located in Colorado Springs, Colorado, Defendants regularly conduct business within Colorado Springs, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Colorado Springs, Colorado.

FACTUAL ALLEGATIONS

9. Although over twenty-five years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

10. Congress provided commercial businesses one and a half years to implement the

Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' plaza property, liquor store business and other businesses located within the plaza property.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

13. Defendants, SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST, together own, operate and oversee the plaza property, its general parking lot and parking spots specific to the businesses therein, to include the Co-Defendant's liquor store business, and it owns, operates and oversees said plaza property and businesses therein located in Colorado Springs, Colorado, that is the subject of this Action.

14. The subject plaza property and liquor store business are open to the public and are located in Colorado Springs, Colorado. The individual Plaintiff visits the plaza property regularly, to include visits to the property on or about August 8, 2017 and August 24, 2018 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the plaza property and liquor store business (as well as other businesses located within the plaza property) during each visit. He plans to return to and often visits the plaza property, liquor store business and the other businesses located within the plaza property, in order to avail himself of the goods and services offered to the public at the businesses therein, if the property/businesses become accessible.

15. Plaintiff visited the plaza property and liquor store business, regularly visits the plaza property and liquor store business, and other businesses within the plaza property as a patron/customer, and intends to return to the plaza property and liquor store business therein in order to avail himself of the goods and services offered to the public at the plaza property and liquor store business. Plaintiff is domiciled nearby in the same state as the plaza property and liquor store business, has regularly frequented the Defendants' plaza property and liquor store business and other businesses located within the plaza property for the intended purposes, and intends to return to the plaza property, liquor store business and other businesses located at the plaza property within three (3) months' time of the filing of this Complaint.

16. The Plaintiff found the plaza property, liquor store business and other businesses located within the plaza property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the plaza property, liquor store business and other businesses located within the plaza property and wishes to continue his patronage and use of the premises.

17. The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject plaza property and liquor store business and other businesses located within the plaza property. The barriers to access at Defendants' plaza property and liquor store business and other businesses located within the plaza property have each denied or diminished Plaintiff's ability to visit the plaza property and liquor store business, and other business located within the plaza property, liquor store business and other businesses located within the plaza property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

18. Defendants, SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST, own and/or and operate, places of public accommodation as defined

by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST, are responsible for complying with the obligations of the ADA, as the owners and landlords of this plaza property. The place of public accommodation that Defendants, SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST, own and operate is the plaza property business located at 2806 – 2844 E. Pikes Peak Avenue, Colorado Springs, Colorado 80909.

19. Defendant, TOLER CREATIONS LLC d/b/a Paul's Liquor, owns and/or and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, TOLER CREATIONS LLC d/b/a Paul's Liquor, is responsible for complying with the obligations of the ADA, as the owner of this liquor store business. The place of public accommodation that Defendant, TOLER CREATIONS LLC d/b/a Paul's Liquor, owns and operates is the liquor store business located at 2842 E. Pikes Peak Avenue, Colorado Springs, CO 80909.

20. While Defendants, SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST, as landlords are responsible for all ADA violations listed in Paragraph 25 and 27, Defendant, TOLER CREATIONS LLC, as tenant and business owner is jointly and severally liability for the ADA violations listed in Paragraph 27.

21. Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described plaza property, liquor store business and other businesses located within the plaza property, but not necessarily limited to the allegations in Paragraphs 25 and 27 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the plaza property and the liquor store business (and other businesses located within the plaza property), in violation of the ADA. Plaintiff desires to visit the plaza property, liquor store business

and other businesses located within the plaza property, not only to avail himself of the goods and services available at this plaza property, liquor store business and other businesses therein, but to assure himself that the plaza property, liquor store business and other businesses therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the plaza property, liquor store business and other businesses located within the plaza property without fear of discrimination.

22. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the plaza property, liquor store business and the other businesses located within the plaza property, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendants' plaza property, liquor store business and other businesses within the plaza property, include, but are not limited to, the following:

**COUNT I**
**AS TO DEFENDANTS (LANDLORDS), SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST and THE PLAZA PROPERTY TO INCLUDE THE COMMON AREAS**

24. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendants, SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the plaza property and businesses

therein, include but are not limited to, the following:

### **Parking**

1. Plaintiff could not access stores and accessible parking as spaces designated for disabled use lack proper identification signage and several contain excessive level changes or slopes within the spaces in violation of ADAAG Section 4.6 and Section 502 of the 2010 ADAS.

2. There are no compliant access aisles in for the Plaintiff to unload and transfer from his car as required by Section 4.6 of the ADAAG and 2010 ADAS Section 502 in several of the spaces which are designated for disabled use at the center.

### **Entrance Access and Path of Travel**

1. Plaintiff had difficulty with paths of travel which have less than 36" clear width and non-compliant slopes or changes in level present in the routes between stores and restaurants at the center violating ADAAG Section 4.3 and Section 403 of the 2010 ADA Standards, resolution is readily achievable.

2. Plaintiff could not access stores on the common path of pedestrian travel which is not continuously accessible, routes from public sidewalks and bus stops to the building violate Section 4.3 of the ADAAG and 2010 ADAS Section 206.

### **Public Restrooms (located within Marie's Taco Shop, a unit in the Plaza Property):**

1. Plaintiff could not transfer as the water closets lack transfer space and have improper grab bars violating ADAAG Section 4.16 and 4.17 and 2010 ADAS Section 604. Water closet centerlines are over 19" from side walls violating Section 4.16 of the ADAAG and 2010 ADAS Section 604.

2. Plaintiff could not enter and exit restrooms or stalls with no accessible door hardware or maneuvering space in violation ADAAG Sections 4.13 and 4.17, as well as 2010 ADAS Sections 404 and 604 resolution is readily achievable.

3. Plaintiff could not use the urinals which lack approach space and are mounted too high violating ADAAG Sections 4.3 and 4.18 as well as 2010 ADA Standard Sections 403 and 605 resolution is readily achievable.

4. Plaintiff could not use improperly mounted dispensers or mirrors which violate ADAAG Sections 4.2, 4.17 and 4.19 and 2010 ADAS Sections 308, 603 and 604.

5. Plaintiff could not use lavatories which lack knee clearance, approach space and pipe wrap violating ADAAG Section 4.19 as well as 2010 ADAS Section 606.

**COUNT II**
**AS TO DEFENDANTS (LANDLORDS), SCHAEFER CLAIRE SURVIVOR'S TRUST and SCHAEFER TAX EXCLUSION TRUST, AND DEFENDANT (TENANT) TOLER CREATIONS LLC D/B/A PAUL'S LIQUOR AND THE LIQUOR STORE BUSINESS**

26. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

27. Defendants, SCHAEFER CLAIRE SURVIVOR'S TRUST, SCHAEFER TAX EXCLUSION TRUST and TOLER CREATIONS LLC d/b/a Paul's Liquor, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the plaza property and liquor store business, include but are not limited to, the following:

### Access to Goods and Services

1. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be accessible and usable by persons with disabilities, violating ADAAG Section 36.211 and the 2010 ADAS.

3. There is no compliant accessible route to shopping areas for the Plaintiff at the facility due to obstructions and inadequate width in aisles created by stocked goods violating the ADAAG and 2010 ADA Standards.

4. The Plaintiff could not use counters throughout the store which fail to provide accessible sales or writing surfaces and violate the ADAAG and 2010 ADAS.

5. Plaintiff had difficulty on the path of travel due to unsecured carpets in the stores and restaurants at the center violating Section 4.3 of the ADAAG and 2010 ADAS Section 403, whose resolution is readily achievable.

28.   The discriminatory violations described in Paragraphs 25 and 27 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the plaza property, liquor store business and other businesses located within the plaza property; Plaintiff requests to be physically present at such inspection in

conjunction with Rule 34 and timely notice.

29. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' plaza property, liquor store business and other businesses within the plaza property; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant

to 42 U.S.C. § 12205 and 28 CFR 36.505.

32. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located within the plaza property at 2806 – 2844 E. Pikes Peak Avenue, Colorado Springs, Colorado 80909, the interiors, exterior areas, and the common exterior areas of the plaza property, liquor store business and other businesses located within the plaza property to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are

necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 13th, 2018.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
1444 Wazee Street, Suite 320
Denver, CO 80202
Telephone:   (720) 996-3500
Facsimile:    (720) 381-0515
Primary E-Mail:    ajperez@lawgmp.com
Secondary E-Mail: mpomares@lawgmp.com

By:      */s/ Anthony J. Perez*
       ANTHONY J. PEREZ
       Florida Bar No.: 535451